UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMEL C. IRBY-COLEMAN, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-466-DRL-MGG |
| INVESTIGATOR BUNDY and JACQUELINE M. MONACO, | |
| Defendants. | |

OPINION AND ORDER

Jamel C. Irby-Coleman, Sr., a prisoner without a lawyer, filed a nine count amended complaint against four defendants alleging he was wrongfully given Narcan on July 8, 2020, at the Indiana State Prison. ECF 30. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In count one, Mr. Irby-Coleman alleges Warden Ron Neal "failed to adequately train his subordinates and created policies that led to the plaintiff being administered (2) two Narcan against his will and placed him in segregation . . .." ECF 30 ¶ 37. None of these allegations states a claim. Failure to train and supervise claims can only be brought

against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against state warden). As for the Narcan policy, Mr. Irby-Coleman asserts it requires Narcan when "opioid intoxication results in unresponsiveness and respiratory depression [and] if doubt exists regarding the offenders level of consciousness or source of intoxication Narcan should still be administered as it has no significant adverse effects." ECF 30 ¶ 10. The amended complaint gives no indication Mr. Irby-Coleman was on opioids, was unresponsive, had depressed respiration, or that there was any doubt about his condition. *Id.* ¶ 18. The alleged facts are that Nurse Jaqueline M. Monaco acted contrary to the policy by giving him Narcan when she knew he was responsive, had no respiratory problems, and had consumed alcohol. As for the segregation policy, "an inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Even "six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (quotation marks omitted). The amended complaint does not plausibly allege Warden Neal ordered the violation of Mr. Irby-Coleman's constitutional rights when he implemented either policy.

In count two, Mr. Irby-Coleman alleges Nurse Jaqueline M. Monaco used excessive force. ECF 30 ¶ 38. He alleges she "shoved (2) two Narcan up each nostril with so much force that she busted the Plaintiff's nose causing his nose to bleed heavily and give the Plaintiff a migraine." *Id.* ¶ 18. The "core requirement" for an excessive force claim

2

is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Without regard to whether he needed Narcan, this allegation states a claim for an excessive use of force.

In count three, Mr. Irby-Coleman alleges Nurse Jaqueline M. Monaco was deliberately indifferent to his need for mental health treatment. ECF 30 ¶ 39. On July 8, 2020, before she gave him Narcan, he told her, "I only want to speak to Mental Health." *Id.* ¶ 18. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "[M]ere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and internal quotation marks omitted). Prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), or to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Nurse Monaco's decision to place Mr. Irby-Coleman under observation for four hours rather than immediately send him to a mental health specialist does not plausibly allege she was deliberately indifferent. The amended complaint never mentions any injury resulting from this

decision or provides any basis for believing the decision was outside the range of professional judgment.

In count four, Mr. Irby-Coleman alleges Nurse Jaqueline M. Monaco violated his Fourteenth Amendment due process rights. ECF 30 ¶ 40. He alleges he told her he was in medical "to be evaluated for alcohol poison but refuse all medical treatment" immediately before she administered Narcan. Inmates possess a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id.* at 343. "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id.* (citation omitted). The allegation Nurse Monaco forcibly medicated for opioid intoxication when she knew he had consumed alcohol and refused Narcan states a claim.

In counts five, six and seven, Mr. Irby-Coleman alleges John "Bundy" Doe violated is constitutional rights. ECF 30 ¶¶ 41-43. Before analyzing these claims, the identity of the defendant needs to be addressed. The amended complaint (and the original before it), should not have referred to this defendant as a John Doe merely because his full name was not known. Mr. Irby-Coleman knew his name was Bundy and this job title was Investigator. He should have been identified as Investigator Bundy. That is how he will be identified in this order and the clerk will edit the docket accordingly.

4

In count five, Mr. Irby-Coleman alleges Investigator Bundy violated his Eighth Amendment rights by failing to intervene to stop Nurse Monaco from giving him Narcan, by not correcting her for doing so, and by using excessive force while holding him while he was given Narcan. ECF 30 at 41. In count six, Mr. Irby-Coleman alleges Investigator Bundy violated his Fourteenth Amendment rights by holding him while Nurse Monaco administered Narcan. ECF 30 at 42. Count six states a claim; count five does not. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). This amended complaint does not plausibly allege Investigator Bundy had any indication Nurse Monaco was going to use excessive force when she administered the Narcan or that he had any opportunity to stop her. There is no constitutional obligation for him to admonish her after she allegedly used excessive force. Neither is there any indication he used excessive force merely by holding him or that Mr. Irby-Coleman was injured by being held. However, for the same reasons count four stated a claim against Nurse Monaco, count six states a claim against Investigator Bundy.

In count seven, Mr. Irby-Coleman alleges Investigator Bundy violated his Eighth Amendment rights by denying him mental health treatment. ECF 30 at 43. Nurse Monaco was present when Investigator Bundy heard Mr. Irby-Coleman ask to see mental health. Non-medical staff rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The amended complaint does not allege facts from which it can be plausibly

5

inferred it was unreasonable for Investigator Bundy to have relied on Nurse Monaco to determine whether Mr. Irby-Coleman needed immediate mental health treatment.

In counts eight and nine, Mr., Irby-Coleman alleges Grievance Specialist Joshua Wallen violated his constitutional rights by not properly investigating and processing his grievances. ECF 30 at 44-45. These allegations do not state a claim because "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause[.]" *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

For these reasons, the court:

(1) DIRECTS the clerk to edit the docket to show the name of defendant John Bundy Doe is Investigator Bundy;

(2) GRANTS Jamel C. Irby-Coleman, Sr. leave to proceed on against Nurse Jaqueline M. Monaco in her individual capacity for compensatory and punitive damages for using excessive force by shoving Narcan up both nostrils on July 8, 2020, with so much force she injured his nose and caused a migraine in violation of the Eighth Amendment;

(3) GRANTS Jamel C. Irby-Coleman, Sr., leave to proceed against Nurse Jaqueline M. Monaco in her individual capacity for compensatory and punitive damages for unnecessarily treating him with Narcan after he refused on July 8, 2020, in violation of the Fourteenth Amendment;

(4) GRANTS Jamel C. Irby-Coleman, Sr., leave to proceed against Investigator Bundy in his individual capacity for compensatory and punitive damages for unnecessarily treating him with Narcan after he refused on July 8, 2020, in violation of the Fourteenth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Ron Neal and Joshua Wallen;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Investigator Bundy at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 30);

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Jaqueline M. Monaco at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 30);

(9) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Jaqueline M. Monaco and Investigator Bundy to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

December 22, 2022                                    *s/ Damon R. Leichty*
                                                     Judge, United States District Court