UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMEL C. IRBY-COLEMAN, SR.,

    Plaintiff,

    v.                                        CAUSE NO. 3:22-CV-466-DRL-JEM

BUNDY and
JACQUELINE M. MONACO,

    Defendants.

OPINION AND ORDER

Jamel C. Irby-Coleman, Sr., a prisoner without a lawyer, is proceeding in this case on three claims related to an incident that occurred on July 8, 2020. First, he is proceeding "against Nurse Jaqueline M. Monaco in her individual capacity for compensatory and punitive damages for using excessive force by shoving Narcan up both nostrils on July 8, 2020, with so much force she injured his nose and caused a migraine in violation of the Eighth Amendment[.]" ECF 31 at 6. Second, he is proceeding "against Nurse Jaqueline M. Monaco in her individual capacity for compensatory and punitive damages for unnecessarily treating him with Narcan after he refused on July 8, 2020, in violation of the Fourteenth Amendment[.]" *Id.* Third, he is proceeding "against Investigator Bundy in his individual capacity for compensatory and punitive damages for unnecessarily treating him with Narcan after he refused on July 8, 2020, in violation of the Fourteenth Amendment[.]" *Id.* at 7. The defendants filed a motion for summary judgment, arguing Mr. Irby-Coleman didn't exhaust his administrative remedies before filing this lawsuit.

ECF 64. Mr. Irby-Coleman filed a response, and the defendants filed a reply. ECF 73, 74, 75. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a

2

prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants argue Mr. Irby-Coleman didn't exhaust his administrative remedies before filing this lawsuit because he never submitted any grievance regarding the July 8, 2020, incident. ECF 66. Specifically, the defendants provide an affidavit from the prison's Grievance Specialist, who attests the grievance office never received any grievance from Mr. Irby-Coleman complaining of the July 8 incident. ECF 64-1 at 5-7.

In response, Mr. Irby-Coleman provides a declaration. On July 9, 2020, Mr. Irby-Coleman submitted two grievances complaining of the July 8 incident to his Unit Team Manager to be forwarded to the grievance office. ECF 73-1 at 2. On July 30, 2020, after twenty-one days passed without any response from the grievance office, Mr. Irby-Coleman notified his Unit Team Manager that he hadn't received a response to his July 9 grievances and requested an appeal form. *Id.* at 3. Mr. Irby-Coleman then submitted a request slip to the Grievance Specialist requesting a grievance appeal form,[1] but never received any response from the Grievance Specialist. *Id.* at 3-5. On August 13, 2020, Mr. Irby-Coleman submitted a new grievance regarding the July 8 incident, along with another request for a grievance appeal form related to his July 9 grievances. *Id.* at 5. He never received any response to his August 13 grievance or his request for an appeal form. *Id.* at 5-6. On October 12, 2020, Mr. Irby-Coleman submitted a new grievance regarding the July 8 incident. *Id.* at 7. The Grievance Specialist rejected the October 12 grievance as

---

[1] Mr. Irby-Coleman does not provide a copy of this request slip to the court. *See* ECF 73-2, 73-3.

untimely. ECF 73-2 at 64-65. Mr. Irby-Coleman argues the grievance office made his administrative remedies unavailable by failing to respond to his July 9 and August 13 grievances.

Here, accepting as true the facts alleged by Mr. Irby-Coleman, the undisputed facts show he had available administrative remedies he didn't exhaust before filing this lawsuit. Specifically, the Offender Grievance Process provides that, if an inmate submits a grievance and receives no response or receipt from the Grievance Specialist within ten business days, he must notify the Grievance Specialist of the lack of response and retain a copy of that notice. ECF 64-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days"). Mr. Irby-Coleman provides no evidence he complied with this requirement. Regarding the July 9 grievances, he attests he notified his Unit Team Manager (not the Grievance Specialist) that he hadn't received a response to these grievances, and submitted request slips to the Grievance Specialist requesting a grievance appeal form. Mr. Irby-Coleman does not allege or provide any evidence the request slips he submitted to the Grievance Specialist notified the Grievance Specialist he hadn't received a response to his July 9 grievances. Regarding the August 13 grievance, Mr. Irby-Coleman likewise provides no evidence he notified the Grievance Specialist of the lack of response. Therefore, even when construing the facts in the light most favorable to Mr. Irby-Coleman, the

undisputed facts show he had available administrative remedies he didn't exhaust before filing this lawsuit. Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 64); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Jamel C. Irby-Coleman, Sr. and to close this case.

SO ORDERED.

October 30, 2023  *s/ Damon R. Leichty*
Judge, United States District Court